
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARLETTE SAMUELS,

                  Plaintiff,                          Complaint For Personal Injuries Under Montreal

-against-                                                  and Warsaw Conventions

DELTA AIR LINES, INC.,                                  Civil Action No.:

                  Defendant(s),
-----------------------------------------------------------------X

        Plaintiff, by her attorney, G. Wesley Simpson, P.C., complaining of the defendant(s) allege as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiff, Arlette Samuels, a resident of Kings County, City and State of New York was on a Delta Airlines Inc. flight from Jamaica, West Indies to John F. Kennedy International Airport, Queens, New York when an air steward pushed a food cart into plaintiff, while she was in her seat, causing her to suffer serious personal injuries.

**JURISDICTION AND VENUE**

    2.    This Court has original jurisdiction over Plaintiff's federal law claims under the Montreal and Warsaw Conventions.

    3.    Venue is pursuant to 28 U.S.C. § 1391(b) and Montreal Convention Article 33.

**JURY DEMAND**

    4.    Plaintiff demands a trial by jury in this action.

**PARTIES**

    5.    Plaintiff, Arlette Samuels, a resident of Kings County, City and State of

6. Defendant, Delta Airlines Inc. is a foreign legal entity doing business in the State of New York subject and pursuant to the laws of the State of New York.

7. Delta Airlines Inc. is a Delaware corporation registered with the New York State Secretary of State with Corporation Service Company 80 State Street Albany, New York 12207-2543 as its registered agent upon whom legal process may be served.

8. Defendant, Delta Airlines Inc., maintains its principal place of business 1030 Delta Boulevard, Dept. 982, Atlanta, Georgia, 30354.

9. The Chief Executive Officer of defendant, Delta Airlines Inc., is Edward H. Bastian 1030 Delta Boulevard, Department 982, Atlanta, Georgia 30354, Tel. 1 (800) 221-1212; 1 (404) 765-5000 or 1-(800) 455-2720.

10. That, defendant, Delta Airlines Inc. regularly transacted, does or solicits business or engages in other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the State of New York.

11. That at all times hereinafter mentioned, the defendant, Delta Airlines Inc., is a common carrier engaged in the business of a commercial airline carrier that operates regularly scheduled domestic and international passenger flights to and from airports in the State of New York in general and John F. Kennedy International Airport, in particular.

**FACTS**

12. That on August 1, 2019, the plaintiff Arlette Samuels, was a lawful, fare paying and ticketed passenger on board Delta Airlines Flight 2843.

13. On August 1, 2019 at or about 10:47 a.m., plaintiff, Arlette Samuels while a passenger seated on Delta Air Lines Flight 2843, from Norman Manley International

Airport in Kingston, Jamaica to John F. Kennedy International Airport in New York, when she was struck by a food cart being pushed by an air steward employed by and acting in the service and interest of defendant.

14. That on said date and at approximately said time defendant negligently and carelessly allowed their food cart to strike, plaintiff, Arlette Samuels, causing serious personal injuries.

15. The accident and the injuries sustained by plaintiff were caused solely by the negligence and carelessness of the defendant herein, without any negligence on the plaintiff contributing thereto.

16. Defendant Delta Airlines Inc. its employees, servants and agents were careless, reckless and negligent in the ownership of the food cart that injured plaintiff.

17. Defendant Delta Airlines Inc. its employees, servants and agents were careless, reckless and negligent in the operation of the food cart that injured plaintiff.

18. Defendant Delta Airlines Inc. its employees, servants and agents were careless, reckless and negligent in the maintenance of the food cart that injured plaintiff.

19. Defendant Delta Airlines Inc. its employees, servants and agents were careless, reckless and negligent in the control of the food cart that injured plaintiff.

20. Defendant Delta Airlines Inc. its employees, servants and agents were careless, reckless and negligent in the management of the food cart that injured plaintiff.

21. Defendant Delta Airlines Inc. its employees, servants and agents were careless, reckless and negligent in the repair of the food cart that injured plaintiff.

22. Defendant Delta Airlines Inc. its employees, servants and agents were careless, reckless and negligent by using a food cart that was not suitable for the area of

its operation.

23. Defendant Delta Airlines Inc. its employees, servants and agents were careless, reckless and negligent in the supervision of the food cart that injured plaintiff.

24. Defendant Delta Airlines Inc. its employees, servants and agents were careless, reckless and negligent in the hiring, retention, training, supervision and employment of its agents, servants, employees and/or persons working on the aforementioned flight.

25. Defendant Delta Airlines Inc. its agents, servants and/or employees carelessly, recklessly and negligently failed to protect plaintiff, Arlette Samuels, from the foreseeable risk of harm presented by the circumstances of this matter.

26. Defendant Delta Airlines Inc. its agents, servants and/or employees carelessly, recklessly and negligently failed to operate the food cart in a reasonable prudent manner so as to avoid the striking the person of plaintiff and causing her to experience serious personal injuries.

27. Defendant Delta Airlines Inc. its agents, servants and/or employees carelessly, recklessly and negligently failed to keep a proper lookout for plaintiff and to avoid striking her person with its food cart

28. Defendant Delta Airlines Inc. its agents, servants and/or employees carelessly, recklessly and negligently failed to operate and control the food cart in a reasonable prudent manner causing it to become a hazard to passengers particularly plaintiff.

29. Defendant Delta Airlines Inc. its agents, servants and/or employees were otherwise careless, reckless and negligent under the circumstances of this matter.

30. That this accident resulted solely from the negligence of the defendants herein without any negligence on the part of the plaintiff contributing thereto.

31. Defendants could, but failed to take actions in a timely manner to avoid the accident.

32. As a result of the aforesaid the negligence of the defendant, plaintiff, was caused to sustain great bodily injuries with accompanying pain and suffering.

33. By reasons of the negligence of the defendant as aforesaid the plaintiff, Arlette Samuels became and remains lame, sick, sore and disabled.

34. That by reason of the negligence of the defendant as aforesaid some of plaintiff, Arlette Samuels injuries are permanent.

35. By reason of the negligence of the defendant as aforesaid the plaintiff was compelled to spend money and incur obligations for medical treatment and care.

36. That by reason of the negligence of the defendant as aforesaid the plaintiff, Arlette Samuels has been and will continue to be unable to attend to her daily and usual activities.

37. That by reason of the negligence of the defendant as aforesaid plaintiff, Arlette Samuels was caused to and still suffer mental and emotional distress.

38. That as a consequence of the forgoing plaintiff suffered serious personal injuries including but not limited to right shoulder impingement; partial tear right shoulder interstitial rotator cuff tear; right shoulder proximal biceps tenosynovitis; right elbow common extensor tendon lateral tear; and pain, suffering, mental and emotional distress.

**CLAIM FOR RELIEF**

39. That by reason of the foregoing, the plaintiff, Arlette Samuels seeks damages for personal, emotional and mental injuries; economic losses and loss of economic opportunities; for money expended for medical treatment and care; costs, expenses, disbursements and attorney's fees incurred consequential to commencement of this action; and such other and different damages and reliefs deemed just and appropriate by this Court.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully requests judgment against Defendants as follows:

a) Awarding compensatory damages to plaintiff;

b) Awarding economic compensatory damages to plaintiff;

c) Awarding plaintiff moneys expended for medical care and treatment, resulting from this accident;

d) Awarding plaintiff reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action

e) And Granting Plaintiff all such other relief as may be just and proper.

Dated: Brooklyn, New York
March 25, 2020

Respectfully submitted

G. WESLEY SIMPSON, P.C.
Attorney for Plaintiff: Arlette Samuels
1016 Ralph Avenue, 1st Floor
Brooklyn, New York 11236
Tel (718) 345-8213
Fax (718) 345-3995

G. Wesley Simpson, Esq.

7

STATE OF NEW YORK }
                  } SS:
COUNTY OF KINGS   }

## ATTORNEYS VERIFICATION

I, the undersigned, is an attorney admitted to practice in the State of New York, affirms the following to be true subject to the penalties of perjury:

That I am an attorney associated with the Law Firm of G. Wesley Simpson PC the attorney for Areltte Samuels, the plaintiff in the within action. I have read the foregoing Summons and Verified Complaint and know the content thereof; the same is true to my own knowledge, except as to matters therein alleged to be upon information and belief and as to those matters, I believe them to be true.

I and not the plaintiff herein make this verification. The grounds for my belief as to all matters not stated upon my own knowledge are as follows: These matters were made known to the undersigned directly from the plaintiff herein and from the document in plaintiffs' file as maintained by my office.

Dated: Brooklyn, New York
       March 25, 2020

-------------------------------
G. Wesley Simpson, Esq.

8

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK        Civil Case No.:

---

ARLETTE SAMUELS,

                              Plaintiff(s),

-against-

DELTA AIRLINES, INC.

                              Defendant(s).

---

### SUMMONS AND VERIFIED COMPLAINT

---

G. WESLEY SIMPSON, P.C.
Attorney for plaintiff(s)
1016 Ralph Avenue
Brooklyn, New York 11236
Tel: (718) 345 8213

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice law in the State of New York, certifies that, upon information and belief based upon reasonable inquiry, the contents contained in the annexed document are not frivolous.

Dated:                                                  _____
                                         G. WESLEY SIMPSON, P.C.

---

Service of the within                                                      is hereby
Admitted.

Dated:                                              _____
                              Attorney(s) for

---

PLEASE TAKE NOTICE

Notice of     That the within is a (Certified) true copy of an Order entered in the office
Entry         of the clerk of the within named Court on the      day of

Notice of     that an Order of which the within is a true copy will be presented for
Settlement   settlement to the Hon.           one of the judges of the within named
                Court, at                     on the    day of                , at 9:30 a.m.

G. WESLEY SIMPSON, P.C.
Attorney for plaintiff(s)
1016 Ralph Avenue
Brooklyn, New York 11236
Tel: (718) 345 8213
Fax: (718) 345 3995

9